Matter of Elan (2025 NY Slip Op 00216)

Matter of Elan

2025 NY Slip Op 00216

Decided on January 15, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2024-00546

[*1]In the Matter of Evan Stuart Elan, an attorney and counselor-at-law. (Attorney Registration No. 4768800)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 24, 2010. By order to show cause dated February 2, 2024, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Virginia State Bar Disciplinary Board entered June 12, 2023.

Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti, of counsel), for Grievance Committee for the Tenth Judicial District.

PER CURIAM.

OPINION & ORDER
By Memorandum Order of Revocation entered June 12, 2023, the Virginia State Bar Disciplinary Board revoked the respondent's license to practice law in the Commonwealth of Virginia, effective May 19, 2023.
The Virginia Disciplinary Proceeding 
The respondent was admitted to the Bar of the Commonwealth of Virginia in 2016. The Virginia State Bar Disciplinary Board (hereinafter the Board) conducted a disciplinary hearing on May 19, 2023. The respondent failed to appear in person or by counsel. At the disciplinary hearing, the Board made the below findings of fact.
By contingency fee agreement signed September 13, 2018, the respondent represented Renee Sallit and her family in a claim against a rental company and the owner of a rental home. Sallit and her family rented a vacation home in Virginia Beach in July 2018. The house was infested with bedbugs and several family members were bitten. After failing to get a full refund from the rental company, Sallit hired the respondent to represent her and her family members in making a claim.
Sallit stated that communication from the respondent was poor from the beginning of the representation and that "about 75% of the time" the respondent failed to timely respond to Sallit's communication attempts. The respondent did not communicate with Sallit from April 16, 2019, to May 16, 2019. On August 19, 2019, Sallit sent a text message to the respondent, to which the respondent replied one month later on September 19, 2019.
On October 9, 2019, the respondent filed a complaint on behalf of Sallit and her family in Richmond Circuit Court. The complaint sought $5 million in relief from the defendants, the property owner, Evan Reiter, and the rental company, Sandbridge Blue LLC. On November 10, 2020, the case was transferred to the Circuit Court for the City of Virginia Beach by agreement of the parties.
On July 6, 2021, Sallit sent a text message to the respondent to ask if she needed to [*2]be present at an upcoming August 2, 2021 hearing. The respondent replied that Sallit did not need to attend and that only the lawyers needed to be there. The respondent did not appear at the August 2, 2021 hearing, and pursuant to the respondent's instructions, Sallit did not appear. By final order entered August 17, 2021, the case was dismissed due to the respondent's failure to appear.
On September 16, 2021, the respondent filed a Notice of Appeal in the Circuit Court for the City of Virginia Beach, but did not file a Petition for Appeal with the Supreme Court of Virginia.
On June 10, 2022, Sallit submitted a complaint to the Virginia State Bar (hereinafter the VSB). The respondent never submitted a written answer to the bar complaint, but he gave a telephonic interview to a VSB investigator. The respondent admitted the allegations in Sallit's bar complaint. The respondent said that his communication was "subpar" and that the case was not handled properly. The respondent told the VSB investigator that he had closed his law practice, that he had notified all clients, and that he did not intend to practice law again. "I'm done," he stated.
As part of its investigation, the VSB issued a subpoena duces tecum on August 17, 2022, summoning the respondent to produce Sallit's file to the VSB on or before September 12, 2022 (hereinafter the subpoena). The respondent failed to comply. On September 20, 2022, the VSB mailed to the respondent's address of record a letter that requested compliance with the subpoena and that the respondent produce responsive documents by September 27, 2022. The September 20, 2022 letter stated that if the respondent failed to respond to the subpoena or to produce documents, a notice of noncompliance would be filed with the Board, which would request that the respondent's license to practice law be suspended on an interim basis.
The respondent did not respond to the September 20, 2022 letter. On October 17, 2022, the VSB filed a Notice of Noncompliance and Request for Interim Suspension with the Board. The Notice of Noncompliance and Request for Interim Suspension advised the respondent that he could petition the Board for a hearing within 10 days of service. The respondent did not request a hearing or otherwise respond to the Notice of Noncompliance and Request for Interim Suspension.
On October 19, 2022, the VSB filed an Amended Notice of Noncompliance and Request for Interim Suspension with the Board, requesting that a hearing be set for November 18, 2022, if necessary. The respondent did not request a hearing or otherwise respond to the Amended Notice of Noncompliance and Request for Interim Suspension.
The respondent failed to comply with the subpoena and his license to practice law was suspended by an Interim Suspension Order dated November 1, 2022. As of the date of the disciplinary hearing, the respondent still had not complied with the subpoena.
The Board found by clear and convincing evidence that by failing to appear at the August 2, 2021 hearing for his client, failing to file a motion for reconsideration, failing to file a petition for appeal, and abandoning Sallit and her case, the respondent violated rule 1.3(a) and (b) of the Virginia Rules of Professional Conduct. Further, the Board found that the respondent failed to respond to Sallit's emails and text messages, and failed to advise Sallit that her case had been dismissed in violation of rule 1.4(a) of the Virginia Rules of Professional Conduct. Lastly, the Board found that the respondent failed to respond to the bar complaint filed by Sallit and failed to respond to the subpoena in violation of rule 8.1(c) of the Virginia Rules of Professional Conduct.
In determining the sanction to impose, the Board considered the following aggravating factors: (1) multiple offenses to the client, (2) bad faith obstruction of the investigation through evasive answers, (3) ignoring subpoena process, and (4) refusal to acknowledge wrongful conduct. The only mitigating evidence was the respondent's lack of any prior discipline.
The Board was particularly troubled by the harm caused to Sallit by the respondent's conduct. The respondent abandoned Sallit's case and denied her a day in court and compensation for her alleged injuries. The respondent also did not cooperate and actually obstructed the VSB's investigation of his conduct.
Based upon the respondent's misconduct, the nature of that misconduct, and the harm to the client, the VSB, and the public, the Board determined that the appropriate sanction to protect the public and the integrity of the VSB was the revocation of the respondent's license to practice law, as any lesser sanction would be a disservice to the Virginia legal community and the public at large.
By Memorandum Order of Revocation entered June 12, 2023, the Board revoked the respondent's license to practice law in the Commonwealth of Virginia, effective May 19, 2023.
In addition to revoking the respondent's license to practice law for the misconduct underlying Sallit's complaint, the Board issued a separate order entered June 14, 2023, again [*3]revoking the respondent's license to practice law for his failure to comply with the Interim Suspension Order dated November 1, 2022.
The respondent did not notify this Court or the Grievance Committee of the Virginia orders of discipline as required by 22 NYCRR 1240.13(d).
The New York Proceeding 
By letter dated January 9, 2024, the Grievance Committee for the Tenth Judicial District notified this Court of the respondent's disbarment by the Commonwealth of Virginia.
By order to show cause dated February 2, 2024, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the Memorandum Order of Revocation of the Board entered June 12, 2023. Although the respondent was duly served with the order to show cause dated February 7, 2024, he has neither submitted a response thereto nor requested additional time to do so. Therefore, the respondent waived his ability to assert any applicable defense under 22 NYCRR 1240.13(b) or otherwise put forth any mitigating evidence.
Findings and Conclusion 
Based on the misconduct underlying the discipline imposed by the Memorandum Order of Revocation of the Board entered June 12, 2023, we find that the imposition of reciprocal discipline is warranted and conclude that the respondent should be disbarred, effective immediately.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13(c), the respondent, Evan Stuart Elan, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Evan Stuart Elan, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Evan Stuart Elan, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Evan Stuart Elan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court